UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANO GAS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 17-cv-1738, 17-cv-2241 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CLIFFTON ROE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 8, 2017, the Court entered an order confirming an arbitration award in favor of Nano Gas Technologies and against Cliffton Roe. Before the Court is Nano Gas' motion for the turnover of property after it had issued Roe a citation to discover assets. For the following reasons, the Court denies Nano Gas' motion.

**Background**

Roe invented a nozzle capable of dissolving and dispersing gasses into liquids. Nano Gas and Roe entered into a collaboration to commercialize the technology – the terms of which were set forth in a "Collaboration and Non-Compete Agreement" ("Agreement"). The Agreement contained arbitration clause.

Roe worked in Nano Gas' Michigan facility alongside Nano Gas employees to develop a machine utilizing his invention and related intellectual property. The working relationship between Roe and Nano Gas, however, began to deteriorate after the collaboration was slow to produce the desired results. Roe then removed the machine and related intellectual property from Nano Gas' facility and began independently using the machine and collaborating with others.

Subsequently, Roe filed a civil action against Nano Gas in the United States District Court for the Eastern District of Michigan. The court held that the parties' claims were subject to

arbitration pursuant to the Agreement, and accordingly dismissed the case without prejudice. Roe then initiated an arbitration proceeding against Nano Gas.

The arbitration was conducted in Chicago. The arbitrator concluded that Roe had assigned the rights to the machine and related intellectual property to Nano Gas, thus Roe had no right to remove the machine or related intellectual property from Nano Gas' facility or share it with others. Also, the arbitrator found that Roe improperly removed a box of papers prepared by Nano Gas employee Jeff Hardin containing intellectual property related to the machine, and accordingly ordered that Roe return the box of "Hardin papers" or pay Nano Gas $150,000 in damages. The arbitrator also issued a permanent injunction against Roe prohibiting him from directly or indirectly engaging in any commercial activity relating to the technology without consent from Nano Gas.

After Roe filed a motion to vacate the arbitration award, the case was transferred to the Northern District of Illinois on March 23, 2017 and reassigned to this Court on May 30, 2017, at which time case numbers 17 C 1738 and 17 C 2241 were designated as related. On November 14, 2017, the Court denied Roe's motion to vacate the arbitration award. Thereafter, on December 8, 2017, the Court entered a final judgment confirming the arbitration award in the amount of $650,000. Roe appealed the Court's order, but later voluntarily dismissed it.

**Legal Standard**

Rule 69(a)(1), which "governs the enforcement of money judgments in federal court, provides that the 'procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located.'" *GE Betz, Inc. v. Zee Co., Inc.,* 718 F.3d 615, 626 (7th Cir. 2013). The Court thus looks to "Illinois law for the procedural rights and processes accompanying a citation to discover assets." *Id.* Under the Illinois Code of Civil Procedure, the Court may "[c]ompel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or

effects in his or her possession or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed." 735 ILCS 5/2–1402(c)(1).

**Discussion**

In its turnover motion, Nano Gas asserts that at Roe's deposition concerning his citation to discover assets, he testified that he is a current shareholder of Nano Gas stock. He testified that he still has physical possession of the stock certificates. Nano Gas asks the Court to issue an order directing Roe to turnover these shares. In response to the turnover motion, Roe argues that the arbitrator's ruling allows him to pay the amount owed to Nano Gas in the manner he chooses. Roe maintains that he wants to hold onto his Nano Gas stock and use those financial benefits to pay the money judgment portion of the arbitration award.

Looking to the language of the arbitrator's ruling as a whole, after discussing that Roe contributed to the success of the Nano Gas machine, the arbitrator decide that equity required an award to Roe for his contributions. The arbitrator articulated: "That award, however, should be in the form of an offset against the Arbitrator's award to Nano Gas." The arbitrator further stated:

> The Arbitrator considered awarding Roe some sort of royalty on future profits that might flow from the Nano Gas machine or other related intellectual property, but decided against this. It should be noted in this regard that Roe remains a major shareholder in Nano Gas, and that, as such, he could benefit financially from this in the future should Nano Gas experience profitability and an increase in value.

In the end, the arbitrator award Nano Gas a total of $650,000. In doing so, the arbitrator explained the damages setoff as follows:

> Roe is ordered to pay damages to Nano Gas in the amount of $1,500,000, with such payment to be made by (1) first, subtracting from the amount to be paid to Roe by Nano Gas under this decision ($1,500,000) the amount to be paid to Nano Gas by Roe under this decision ($1,000,000) and (2) thereafter, the remainder ($500,000) ***in such manner as Roe chooses.***

Also, as discussed, based on Roe taking the Hardin work-papers, the arbitrator directed Roe to search for those documents and return them to Nano Gas, or if Roe was unable to find the papers,

pay Nano Gas the sum of $150,000.

Although not a model of clarity, the arbitrator awarded Nano Gas $1,500,000 and Roe $1,000,000. An offset of these numbers resulted in Roe owing Nano Gas $500,000, along with the $150,000 for the Hardin papers. After calculating the offset, the arbitrator unequivocally stated that Roe would pay the remainder of $500,000 "in such a manner as Roe chooses." Nano Gas' attempt to excise this language out of the arbitration ruling is misplaced – to do so would render this language superfluous. The arbitration decision read as a whole further supports the Court's conclusion because the arbitrator discussed that in lieu of royalties, Roe would benefit from his invention as a shareholder in Nano Gas.

On a final note, as the Court stated on September 3, 2019, the parties' lawsuit in front of Judge Pacold, case number 18-cv-6757, does not concern the arbitration award, and thus is not related to the present motion. Accordingly, the Court will not grant Nano Gas the relief it seeks in relation to that lawsuit nor the purported "shareholder oppression" lawsuit that has yet to be filed.

**Conclusion**

For the foregoing reasons, the Court denies Nano Gas' supplemental motion for the turnover of property. [97].

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 6/5/2020

4